UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY /a/k/a DEREK McSMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO.  07-3537** |
| **STATE OF LOUISIANA & HOTARD COACHES, INC.** | **SECTION "K"(1)** |

### ORDER AND OPINION

Before the Court is plaintiff Leroy a/k/a Derek McSmith's "Motion for Leave to File" a complaint  naming as defendants the State of Louisiana and Hotard Coaches, Inc.  Plaintiff must obtain leave of  court to file his complaint because pursuant to an order entered by Judge Martin L.C. Feldman on April 10, 2007 in *LeRoy a/k/a Derek McSmith v. Chasez*, No. 07-656 (E.D. La.) (Doc. 7),  the Clerk of Court may  not accept any initial civil pleadings from Leroy a/k/a Derek McSmith, unless the initial pleading is accompanied by advance written permission of a district judge of this court.  For the following reasons, the Court denies the "Motion for Leave to File."

The complaint alleges that plaintiff has filed a complaint "due to a violation of the Highway Safety Act of 1966 Section 402."  Plaintiff seeks an order  requiring  the State of Louisiana  to provide him with documentation demonstrating that the operators of motor coaches owned by

Hotard Coaches, Inc. have the "proper credentials and satisfy the provisions of the Highway Safety Act of 1966." Plaintiff also seeks an order, pursuant to Louisiana Revised Statute 44:32,[1] directing the State of Louisiana to provide him, with information he previously requested from the State of Louisiana's Department of Transportation and Development, including "documentation showing that the Louisiana Department of Transportation & Development has engaged in driver testing to determine proficiency of Hotard's coach operators to operate motor vehicles; operator mental and physical examinations & operator licensing prior to award Hotard as the service provider for the LA Swift route scheduled to begin July 1, 2007" as well as "a copy of the bid document presented to the Louisiana Department of Transportation & Development in order to qualify to be the service provider for the LA Swift Route."

It is axiomatic that federal courts may examine the basis of subject matter jurisdiction *sua sponte*. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1998). Federal courts are courts of limited jurisdiction; they have "subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006). Absent diversity of citizenship, a federal court lacks subject matter jurisdiction over a case that does not concern a federal question. *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004).

As noted previously, the complaint alleges a violation of the "Highway Safety Act of 1966 Section 402." Plaintiff seeks to have the Court invoke pendent jurisdiction as to his claim that the state has violated the Highway Safety Act, 23 U.S.C. §401 et seq. "The Safety Act does not

---

[1] Louisiana Revised Statute 44:32 provides in pertinent part that "[t]he custodian shall present any public records to any person of the age of majority who so requests."

expressly provide a private cause of action in favor of an aggrieved party for the breach of duties imposed by the Act." *Miller v. United States*, 710 F.2d 656, 667 (10th Cir. 1983).  Nor is there a right of private action implicit in the statute.  *See Id.* "Where there is no federal private right of action, federal courts may not entertain a claim that depends on the presence of federal questions jurisdiction under 28 U.S.C. §1331." *Webb v. Smart Document Solutions, LLC*, ___ F.3d ___, ___, 2007 WL 2410179 (9th Cir. August 27, 2007).

Moreover, there is no evidence, nor even an allegation, that plaintiff and Hotard Coaches, Inc. are of diverse citizenship or that the amount of in controversy exceeds $75,000. Therefore, 28 U.S.C. §1332 cannot provide a basis for federal jurisdiction.  Because there is no apparent basis for federal jurisdiction, the Court declines to grant plaintiff leave to file his complaint.

New Orleans, Louisiana, this 18th day of September, 2007.

                    STANWOOD R. DUVAL, JR.
                    UNITED STATES DISTRICT JUDGE